UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE MACK,                                  No. C 06-4934 MHP (pr)

       Plaintiff,                                  **ORDER OF SERVICE**

  v.

MICHAEL L. FRIEDMAN; et al.,

       Defendants.
                                            /

## INTRODUCTION

Maurice Mack, a prisoner at the Correctional Training Facility in Soledad, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Mack's complaint concerns the allegedly inadequate medical care he received from prison doctors for a wrist problem. His complaint alleges the following:

On September 12, 2002, Mack injured his hand. He went for medical care and was seen by Dr. Krishna, who ordered x-rays, put a cast on his wrist, and referred him to Dr. Pompan, an orthopedic specialist.

On or about October 15, 2002, Dr. Pompan saw Mack and referred him for a consultation with Dr. Zewart, a hand specialist. Dr. Pompan also ordered x-rays, which demonstrated that the fracture was un-united.

On December 4, 2002, Dr. Zewart found that Mack "had a scaphoid fracture and avascular necrosis." Complaint, p. 4. He recommended surgery, noted it had an 80-85% chance of success and stated that arthritis was certain if the surgery was not done.

The URC considered Dr. Zewart's recommendation on March 20, 2003, and recommended calling Dr. Zewart rather than follow up on his previous recommendation.

(The URC members on that date are Doe defendants.)  The URC – this time including Dr. Friederichs – again considered the matter on April 25, 2003 and deferred surgery until it was discussed with Mack.  The URC – this time including Drs. Krishna, Aung, Sinnaco and Dinh – considered the matter again on May 20, 2003, and decided to defer surgery while Mack went through conservative treatment.  Mack did not learn that surgery had been cancelled until February 20, 2004.

On May 10, 2004, Mack was seen by Dr. Sinnaco, who ordered further x-rays.  The x-rays demonstrated that Mack's fracture had not healed.

On July 1, 2004, the URC approved a consultation with Dr. Zewart, the hand specialist, "with a stipulation for surgery depending on the merits of the prognostic POM."  Complaint, p. 6.  (Mack does not identify what "prognostic POM" means.)  In August 2004, Dr. Zewart saw Mack and told him that the wrist had not healed, that it was now too late for bone grafting, and that he now recommended surgical stabilization of the wrist and a neurectomy.  That surgery was approved by the URC on September 17, 2004.  The surgery was performed on December 29, 2004.  As a result of the damage to his wrist, Mack allegedly will have arthritis in his right wrist for the rest of his life, will have instability in his wrist and may possibly need a wrist fusion in the future.  Mack alleges that the delay in surgery made the outcome worse.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).  A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.  See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

2

a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

The complaint, liberally construed, pleads a cognizable claim for relief under § 1983 for deliberate indifference to plaintiff's serious medical needs by defendants Dr. Friederichs, Dr. Aung, Dr. Dinh, Dr. Krishna, and Dr. Sinnaco. These defendants' actions, while they were acting as part of the URC committees, allegedly delayed needed medical care for Mack's wrist problems.

The complaint also states a claim against the Doe defendants based on the role of each of them on the URC committees that delayed surgery. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the Doe defendants. Rather, plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his complaint. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. If plaintiff has not identified the Doe defendants by the time this action is ready for decision (such as when the summary judgment motion is briefed), the Doe defendants will be dismissed without prejudice.

The complaint does not state a claim for relief against Dr. Friedman, who apparently was included on a respondeat superior theory, as there are no allegations that he participated in the medical care decisions. There is no respondeat superior liability under Section 1983,

3

i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Dr. Friedman is dismissed from this action.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim against defendants Dr. Friederichs, Dr. Aung, Dr. Dinh, Dr. Krishna, and Dr. Sinnaco. Dr. Friedman is dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon the following five individuals, all of whom apparently are on the medical staff at the Correctional Training Facility in Soledad, California: Timothy M. Friederichs, M.D., Htay Aung, M.D., Quanh Anh Dinh, M.D., Chanrika Gopala Krishna, M.D., and Cesar Sinnaco, M.D.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **March 2, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **April 6, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end

4

your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

         c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **April 20, 2007**.

     4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

     5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     6.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: December 20, 2006

                                                 Marilyn Hall Patel
                                                 United States District Judge