UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MACK, | No. C 06-4934 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| MICHAEL L. FRIEDMAN; et al., | |
| Defendants. | |

Defendants' motion for summary judgment, filed three months ago, is still pending. After defendants filed their motion, plaintiff attempted to propound further discovery requests on them and, when unsuccessful, filed a motion to compel discovery. Defendants opposed the motion to compel and moved to stay discovery pending resolution of their summary judgment motion in which they raised a qualified immunity defense. Plaintiff responded to that motion by seeking an extension of time so that he could have more time to file an opposition to the motion to stay discovery, a reply in support of his motion to compel, and a motion to stay the summary judgment until he could do discovery.

The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The duty to stay discovery once defendants file a dispositive motion raising qualified immunity as a defense is very well-settled.

Defendants' motion to stay discovery is GRANTED. (Docket # 31.) All discovery is STAYED until defendants' motion for summary judgment raising the qualified immunity defense is resolved. To effectuate the purpose of the rule requiring a stay of discovery when qualified immunity is raised, it also is necessary to postpone ruling on plaintiff's motion to compel until after the qualified immunity question is decided. Therefore, the court will not rule on plaintiff's motion to compel until <u>after</u> it rules on the pending motion for summary judgment. This means that plaintiff must prepare his opposition to the summary judgment motion without the benefit of the discovery that is the subject of his motion to compel.

Plaintiff's motion for an extension of time is DENIED. (Docket # 34.) The court will, however, reset the deadlines for the pending motion for summary judgment in case plaintiff was waiting for discovery before preparing his opposition. Plaintiff must file and serve his opposition to the motion no later than **December 14, 2007**. Defendants must file and serve their opposition, if any, no later than **January 11, 2008**. No further extensions of these deadlines should be expected in light of the fact that the motion has been pending for several months already.

IT IS SO ORDERED.

Dated: November 15, 2007

_____
Marilyn Hall Patel
United States District Judge

2